**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JESSE BLUE,**

       **Plaintiff,**

**v.**                                     **Case 2:25-cv-02756-BCL-cgc**

**INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 369 and LESCO
DESIGN AND MANUFACTURING,**

       **Defendants.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT LESCO DESIGN AND MANUFACTURING'S
MOTION TO DISMISS
AND DEFENDANT INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 369's
MOTION TO DISMISS**

---

Before the Court are Defendant Lesco Design and Manufacturing's ("Lesco") Motion to Dismiss and Defendant International Union of Operating Engineers Local 369's ("IUOE Local 369") Motion to Dismiss. (Docket Entries ("D.E.") #35, #36). Pursuant to Administrative Order 2013-05, the instant motions are referred to the United States Magistrate Judge for Report and Recommendation.

For the reasons set forth herein, it is RECOMMENDED that Lesco's Motion to Dismiss be GRANTED and that IUOE Local 369's Motion to Dismiss be GRANTED. It is further RECOMMENDED that Plaintiff's claims set forth in Count III be voluntarily dismissed.

## I.      Background

### a.  *Complaint and Amended Complaint*

On July 29, 2025, Plaintiff Jesse Blue filed the instant *pro se* Complaint (D.E. #2), which he subsequently amended on October 14, 2025.  (D.E. #28, #30, #34).  Plaintiff's Amended Complaint seeks to pursue a hybrid action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, against Lesco for violating the collective-bargaining agreements (Count I) and a parallel claim against IUOE Local 369 for breach of the duty of fair representation implied by Section 9(a) (Count II).  (Am. Compl.  ¶¶ 1, 23-29).  Plaintiff further alleges a claim against both Lesco and IUOE Local 369 for tortious interference under Tennessee law and retaliation under federal law pursuant to Sections 8(a)(1) and 8(b)(1)(A) of the National Labor Relations Act ("NLRA"), and under state law pursuant to Sections 39-14-205 and 47-50-109 of the Tennessee Code Annotated (Count III).  (*Id*. ¶¶ 31-32).

As factual background, Plaintiff alleges that he is a fifteen-year member of IUOE in good standing.  (*Id*. ¶¶ 4, 6).  He alleges that he worked as a crane operator at Ford's Blue Oval City campus in Stanton, Tennessee on a project managed by co-defendant Lesco and governed by the National Maintenance Agreement ("NMA").  (*Id*. ¶¶ 4, 6).

During 2024 and early 2025, Plaintiff observed that IUOE Local 369's business manager and Lesco were tolerating millwright encroachment into crane and rigging work, which he alleges improperly reduced the workload of crane operators and created unsafe conditions contrary to the NMA.  (*Id*. ¶ 8).  Despite this environment, Plaintiff alleges that he performed at a "record-setting level," which bolstered Lesco's reputation with Ford and other partners.  (*Id*. ¶ 9).  Because of this, the client asked Plaintiff to prepare high-value bids for upcoming work.  (*Id*.)

2

To prepare competitive and NMA-compliant bidding, Plaintiff requested information on wage scales and other contract information from IUOE Local 369's business manager, which IUOE Local 369 did not provide.  (*Id*. ¶ 10).  On June 2, 2025, Lesco terminated Plaintiff as part of what they designated a reduction-in-force ("RIF").  (*Id*. ¶ 11).  Plaintiff, however, alleges that Lesco in fact retained less-qualified comparators in the RIF but terminated him.  (*Id*.)  Thus, Plaintiff immediately sought to file a grievance challenging his termination as part of the RIF and asserting his recall/dispatch rights.  (*Id*.)  IUOE Local 369 refused to file or process any grievance on the grounds that no contract existed.  (*Id*.)  Plaintiff alleges that the "union further misrepresented that a BOSK addendum governed the site" but that this is not only inaccurate but was "false, knowingly misleading, and rendered contractual remedies illusory at the outset."  (*Id*.)  After receiving no adequate resolution, Plaintiff filed a National Labor Relations Board ("NLRB") charge against IUOE Local 369 as well as a related charge against Lesco.  (*Id*.)

Between September 29, 2025 and October 3, 2025, while this case was already pending, Plaintiff alleges that Lesco's manager and IUOE Local 369's business manager engaged in retaliation and interference.  (*Id*. ¶ 14).  Specifically, Plaintiff alleges that they entered a restricted area where he was working, photographed him performing his work, confronted him about it being performed incorrectly, and told the vendor whose equipment he had rented that Lesco and IUOE Local 359 would no longer do business with the vendor unless the vendor ceased renting to Plaintiff.  (*Id*.)

### b.  *Lesco's Motion to Dismiss*

On January 28, 2026, Lesco filed its Motion to Dismiss.  Lesco asserts that Plaintiff has failed to state a claim under Section 301 by failing to identify any provision of the collective bargaining agreements that Lesco violated.  Lesco asserts that Plaintiff, by failing to adequately

3

plead the breach-of-contract claim against Lesco, cannot maintain a claim for breach of the duty of fair representation against IUOE Local 369.  Lesco argues that Plaintiff's Section 8 claims under the NLRA are within the exclusive jurisdiction of the NLRB and that Plaintiff's state-law claims are preempted by the NLRA.  Finally, Lesco argues that, even if Plaintiff's state-law claims were not preempted by the NLRA, he has failed to state a claim upon which relief may be granted.

### c.  IUOE Local 369's Motion to Dismiss

On January 29, 2026, IUOE Local 369 filed its Motion to Dismiss Plaintiff's Amended Complaint, which raise similar challenges to Plaintiff's Amended Complaint as Lesco's Motion to Dismiss.  (D.E. #36).

With respect to Plaintiff's Section 301 claim, IUOE Local 369 argues that a union only breaches its duty of fair representation when its conduct is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  IUOE Local 369 asserts that errors in judgment or even negligence are not sufficient to establish a breach of duty and, thus, Plaintiff's allegations against it are insufficient.

Further, IUOE Local 369 asserts that, to survive a motion to dismiss on the hybrid Section 301 claim, Plaintiff also would have to adequately plead a claim against Lesco for termination in violation of the collective-bargaining agreement.  IUOE Local 369 contends that Plaintiff has failed to do so because he has not identified any contractual provision which he alleges Lesco violated by terminating his employment in a RIF.

Finally, IUOE Local 369 argues that Plaintiff's claims under Section 8 of the NLRA are within the exclusive jurisdiction of the NLRB, that the NLRA preempts any state-law claims that Plaintiff seeks to raise arising from the same set of facts, and that the six-month statute of

4

limitations period of Section 10(b) of the NLRA bars any claims arising from events that occurred before that period.

### d.   *Plaintiff's Response in Opposition to Defendants' Motions to Dismiss*

On February 17, 2026, Plaintiff filed his Response in opposition to Defendants' Motion to Dismiss. (D.E. #38).  Plaintiff argues that he has sufficiently plead his Section 301 claim in Count I of his Amended Complaint by pleading "the existence of a governing CBA/NMA covering the Stanton, Tennessee project," the adverse action of his termination, which he pleads was under the guise of RIF, and the continued employment of employees he believes to be less qualified comparators.  (Resp. at PageID 164-65).  He asserts that requiring a "clause-by-clause quotation of the CBA/NMA at the pleading stage" goes beyond the requirements of Rule 8(a) and Rule 12(b)(6) and that it is not the duty of the Court to "decide now whether the CBA/NMA permits the separation, whether reduction-in-force criteria were properly applied, whether recall/dispatch protections were triggered, and whether the Union's refusal to grieve was justified" because these issues depend upon the contractual terms and the evidence that is to be presented at a later stage. (*Id*. at PageID 164-65).

Plaintiff argues that he has sufficiently pled his Section 9(a) claim for breach of the duty of fair representation because his allegations do raise questions about whether IUOE Local 369 acted arbitrarily, discriminatorily, or in bad faith. (*Id*. at PageID 166).  Specifically, he asserts that he has alleged "refusal to process a grievance, misrepresentation about the governing agreement, and obstruction that foreclosed the contractual remedy pathway." (*Id*.)  Plaintiff further argues that exhaustion of his remedies should be excused because it was the union's refusal to process the grievance that effectively ended the process and provided him with no remedy. (*Id*.)  Finally, as to the statute of limitations, Plaintiff argues that dismissal on this ground is proper only when

untimeliness is apparent on the face of the complaint, that accrual "turns on when Plaintiff knew or should have known the Union would not pursue the grievance and [when] the grievance process was effectively ended," and that these are not proper questions for a Rule 12(b)(6) motion.

With respect to his Count I and Count II claims, Plaintiff argues that, if his Amended Complaint does not satisfy Rules 8(a) and 12(b)(6), that he be granted leave for fourteen days to amend his Complaint.

As to his claims in Count III, Plaintiff requests that they be voluntarily dismissed without prejudice. (*Id*. at PageID 164).

### e.    *Defendant Lesco's Reply*

On February 26, 2026, Lesco filed its Reply to Plaintiff's Response. (D.E. #39). In its Reply, Lesco reiterates that Plaintiff's Section 301 claims against both Lesco and IUOE Local 369 fail because he has not specified what provision of the collective bargaining agreement was violated by his termination. Lesco further asserts that, based upon Plaintiff's request to dismissal his Count III claims without prejudice and his failure to otherwise respond to Defendants' Motions to Dismiss as to this count, that Count III should be so dismissed.

### II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of

6

legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal

quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III.    Proposed Analysis and Conclusions of Law

#### a.    Hybrid Section 301 Claim under the LMRA against Lesco & IUOE Local 369

Section 301 of the LMRA gives federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ." 29 U.S.C. § 185(a). It encompasses "suits by and against individual employees as well as between unions and employers." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Some such suits by employees are referred to as "hybrid claims" in which the employee or employees must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation. *Garrish v. Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005) (citation omitted). If the plaintiff cannot satisfy both prongs of that test, he "cannot succeed against any Defendant." *Id*. In other words, the two claims that make up a hybrid claim are "inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983) (citation omitted).

In *Swanigan v. FCA US LLC*, 938 F.3d 779 (6th Cir. 2019), the Sixth Circuit affirmed the district court's order granting the defendant's motion to dismiss on the basis that the plaintiff's complaint did not contain a "plausible allegation that [the defendant] violated a specific provision of the collective-bargaining agreement." *Id*. at 783-84; *see also Oil, Chemical & Atomic Workers Intern. Union, AFL-CIO v. Delta Refining Co.*, 277 F.2d 694, 697 (6th Cir. 1960) (concluding that the district court properly dismissed the plaintiff's Section 301 claim where the terms of the

collective bargaining agreement allegedly violated by the defendant were not set forth in the complaint and stated, among other things, that "[t]he terms of the collective bargaining agreement out of which the asserted grievances arose are not stated in the complaint"); *Phillips v. Mid-South Transportation Mgmt., Inc.*, No. 2:21-cv-02049-MSN-cgc, 2022 WL 906052 at *3 (W.D. Tenn. 2022) (granting the defendant's motion to dismiss the plaintiff's Section 301 breach-of-contract claim because the plaintiff failed to identify a "specific provision of the collective bargaining agreement" that the defendant allegedly violated).

Plaintiff has requested that, if the Court finds his pleadings to be insufficient, he be given leave to amend. Rule 15 provides that leave to amend shall generally be freely given. Fed. R. Civ. P. 15. However, "[a] bare request in an opposition to a motion to dismiss without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion within the contemplation" of Rule 15. *Louisiana Sch. Employees' Retirement Sys. v. Ernst & Young, LLP*, 622 F.3d 471 (6th Cir. 2010). Further, Plaintiff has not provided a basis for which he believes leave to amend should be granted. Accordingly, it is RECOMMENDED that his request to amend should be denied and that Plaintiff's Section 301 hybrid claim should be dismissed against both Lesco and IUOE Local 369 for failure to state a claim upon which relief may be granted.

### b.   *Plaintiff's Remaining Claims*

In Plaintiff's Response, he has requested that his remaining claims be voluntarily dismissed without prejudice. Accordingly, it is RECOMMENDED that Plaintiff's remaining claims be so dismissed.

**IV.    Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Lesco's Motion to Dismiss be GRANTED and that IUOE Local 369's Motion to Dismiss be GRANTED.  It is further RECOMMENDED that Plaintiff's claims set forth in Count III be voluntarily dismissed.

**SIGNED** this 1st day of June, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**